IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

THOMAS SHON,                    )      CIVIL NO. 05-00080 DAE-LEK
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
THE CHEYENNE AND ARAPAHO        )
TRIBES OF OKLAHOMA, ET AL.,     )
                                )
          Defendants.           )
_____ )

**FINDINGS AND RECOMMENDATION REGARDING AMOUNT OF JUDGMENT**

On October 5, 2005, this Court issued its findings and recommendation that the district court grant Plaintiff Thomas Shon's ("Plaintiff") Motion for Default Judgment against Defendant Youngbird Inc. ("Defendant Youngbird")[1] and enter judgment against Defendant Youngbird in an amount to be determined at an evidentiary hearing.  On November 23, 2005, the district court adopted this Court's findings and recommendation. The default judgment was entered on November 28, 2005.  On January 9, 2006, the district court designated this Court to hold the evidentiary hearing to determine the amount of judgment.

On February 13, 2006, an evidentiary hearing was held before this Court.  John Carroll, Esq., and Thomas Dunn, Esq.,

_____

[1] Plaintiff's Motion for Default Judgment, filed on August 5, 2005, also sought default judgment against Defendant The Cheyenne and Arapaho Tribes of Oklahoma ("Tribes").  Plaintiff, however, voluntarily dismissed all claims against the Tribes on September 9, 2005.  The Court makes no findings with regard to Plaintiff's allegations against the Tribes.

appeared on behalf of Plaintiff; Defendant Youngbird failed to appear.  Plaintiff and his wife, Chong Shon, also known as Kelly Shon ("Mrs. Shon"), testified at the hearing.  Plaintiff also entered Exhibits A through M into evidence.  The Court took notice of Plaintiff's August 4, 2005 declaration in support of the Motion for Default Judgment ("Shon Declaration").  After careful consideration of the record and the evidence presented at the hearing, this Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1.   On January 18, 2001, Defendant Youngbird entered into an employment contract with Plaintiff to employ him as its Vice-President of Business Development ("the Contract").  The Contract promised Plaintiff: a base salary of $120,000.00 per year, with increases and bonuses; use of a company vehicle; job-related seminars and travel; health, dental, vision, disability, and life insurance; vacation and sick leave; and retirement benefits.  The term of the Contract was ten years.  [Exh. C; Testimony of Thomas Shon.]  Plaintiff anticipated living in Korea and fulfilling the contract for the entire term.  [Testimony of Chong Shon.]

2.   Defendant Youngbird did not pay Plaintiff his salary, bonuses, or any of the other benefits described in the Contract.  For forty-seven months during the term of the

Contract, Plaintiff incurred health and dental insurance expenses of $600.00 per month for himself and his wife.  Defendant Youngbird failed to reimburse Plaintiff for these expenses. [Shon Declaration at ¶¶ 19-20.]

3.   Plaintiff was to establish and maintain an office in South Korea for Defendant Youngbird.  Defendant Youngbird agreed to reimburse Plaintiff for all reasonably incurred expenses.  Plaintiff opened the office and operated it for more than two years, but Defendant Youngbird failed to pay the office expenses.  [Shon Declaration at ¶¶ 15-16, 22.]

4.   As part of his duties, Plaintiff was to secure outside investors in South Korea for Defendant Youngbird, which promised to repay the investors.  Defendant Youngbird also promised to pay Plaintiff a ten percent bonus for the investments he secured.  Plaintiff obtained a total of $271,106.78 in investments from various outside investors ("the Investors"). Thus, Plaintiff was entitled to a bonus of $27,106.17.  [Exh. G; Shon Declaration at ¶¶ 17-18; Testimony of Thomas Shon.]

5.   The Contract also provided that Plaintiff was to receive a bonus of ten percent of the amount of any contract that he obtained for Defendant Youngbird to provide services in Korea. Plaintiff obtained a contract in the amount of $8,000,000.00 for Dellew Corporation Computer Systems Upgrade & Servicing ("the Dellew Contract").  Defendant Youngbird defaulted on the

performance of the Dellew Contract.  Plaintiff is entitled to a $800,000.00 bonus for the Dellew Contract.  [Testimony of Thomas Shon.]

6.   Defendant Youngbird agreed to pay Mrs. Shon the sum of $5,000.00 per month, or a salary of $60,000.00 per year. [Testimony of Chong Shon.]

7.   The Cheyenne Arapaho Tribal Council created a resolution and other documents that described the relationship between the Tribes and Defendant Youngbird.  [Exh. B, J, K.] Plaintiff testified regarding a letter from Mr. James Pedro, [Exh. I,] and a Memorandum of Agreement dated January 18, 2002 regarding the Tribes, Defendant Youngbird, and their activities with Plaintiff.  Plaintiff relied upon these documents in forming his belief that the Tribes had adopted Defendant Youngbird as its tribal liaison.  Plaintiff believed that Defendant Youngbird, himself, and the business he directed in Korea were underwritten by the Tribes.  [Testimony of Thomas Shon.]

8.   Plaintiff and his wife gave up their jobs and livelihood in Hawai`i to move to Korea pursuant to the Contract and in reliance on Defendant Youngbird's relationship with the Tribes.  [Shon Declaration at ¶¶ 6, 11-12.]

9.   Defendant Youngbird made fraudulent representations to Plaintiff concerning its relationship with the Tribes.

10.   At the time Plaintiff entered in to the Contract, Plaintiff and Mrs. Shon owned an automobile that was worth approximately $15,000.  They had approximately $8,000.00 in equity in the automobile.  Plaintiff and Mrs. Shon transferred ownership of the automobile to Defendant Youngbird so that it could take over the loan payments.  Defendant Youngbird failed to make the payments and the automobile was ultimately repossessed. [Testimony of Chong Shon.]

11.   Because Defendant Youngbird failed to make the various payments described above, Plaintiff and Mrs. Shon had to vacate their apartment in South Korea and had to move in with Mrs. Shon's parents.  [Id.]

12.   Defendant Youngbird's failure to make the payments described above caused Plaintiff and Mrs. Shon severe emotional distress, damaged their physical health, hurt their marriage, and caused them financial hardship.  [Shon Declaration at ¶ 23.]

13.   Defendant Youngbird breached its agreements with Plaintiff in a wanton or reckless manner as to result in a tortious injury.  Defendant Youngbird committed intentional or willful misconduct in its breach of the agreements.

## CONCLUSIONS OF LAW

1.   Plaintiff is entitled to recover amounts due him under the Contract.  The Contract, however, did not require Defendant Youngbird to pay for Mrs. Shon's health and dental

insurance.  Plaintiff is not entitled to recover damages for the health and dental insurance expenses he incurred for Mrs. Shon. Insofar as Plaintiff did not present evidence establishing how much of the $600.00 per month insurance expense was attributable to him and how much was attributable to Mrs. Shon, Plaintiff should receive one-half of the monthly expenditure.

2.   Plaintiff is entitled to an award of punitive damages based on Defendant Youngbird's wanton and/or reckless breach of contract.

3.   The Court may not award damages for Defendant Youngbird's failure to pay Mrs. Shon's salary or for any other damages she suffered because she is not a plaintiff in this action.

4.   Plaintiff may not recover damages for the investments that he collected from the Investors on behalf of Defendant Youngbird because there is no evidence that Plaintiff himself repaid those amounts to the Investors.

5.   Plaintiff may not recover damages for the lost equity in their automobile because Plaintiff and Mrs. Shon voluntarily transferred the title of the automobile to Defendant Youngbird.

6.   Plaintiff is entitled to general and special damages against Defendant Youngbird as follows:

a.   unpaid salary in the amount of $10,000.00 a

month for ten years, for a total of $1,200,000.00;

b.   reimbursement for operating expenses in the amount of $19,179.34;

c.   reimbursement for office equipment and set up costs in the amount of $65,911.11;

d.   reimbursement of health and dental insurance at $300.00 a month for forty-seven months, for a total of $14,100.00;

e.   unpaid bonus in the amount of $27,106.17 for investment capital secured from the Investors; and

f.   unpaid bonus in the amount of $800,000.00 for the Dellew Contract.

7.   Plaintiff is entitled to punitive damages for tortious breach of contract in the amount of $500,000.00.

## **RECOMMENDATION**

This Court therefore RECOMMENDS that the district court enter general and special damages in favor of Plaintiff and against Defendant Youngbird in the amount of $2,126,296.62, and award punitive damages for tortious breach of contract in the amount of $500,000.00, for a total judgment of $2,626,296.62.

IT IS SO FOUND AND RECOMMENDED.

DATED at Honolulu, Hawai`i, March 9, 2006.



_Leslie E. Kobayashi_

Leslie E. Kobayashi
United States Magistrate Judge

**THOMAS SHON V. THE CHEYENNE AND ARAPAHO TRIBES OF OKLAHOMA; CIVIL NO. 05-00080 DAE-LEK; FINDINGS AND RECOMMENDATION REGARDING AMOUNT OF JUDGMENT**